# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. RECORDS INC., et al.<br><br>                               Plaintiffs,<br>vs.<br>KATHY BURRIS<br><br>                               Defendant. | CASE NO. 06cv1292 JM(LSP)<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

Plaintiffs Warner Bros. Record, Inc., Capitol Records, Inc., UMG recordings, Inc., and Arista Records LLC (collectively "Plaintiffs") move for entry of default judgment against Defendant Kathy Burris in the amount of $4,990 and to permanently enjoin her from directly or indirectly infringing Plaintiffs' copyrights. Kathy Burris has not appeared in this action. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court enters default judgment against Plaintiff in the total amount of $4,900 and grants the motion for permanent injunction.

## BACKGROUND

On June 20, 2006 Plaintiffs commenced this copyright infringement action against Burris alleging that she violated Plaintiffs' copyrights by downloading copyrighted materials from the internet. (Compl. ¶12). Defendant has been served with the summons and complaint but has yet to appear in this action.

On July 25, 2007 the Clerk of Court entered default against Defendant. Plaintiffs now move for default judgment in the amount of $4,500, costs in the amount of $490. and a permanent injunction to enjoin Defendant from any future conduct that infringes their copyrights.   Defendant has not responded to the motion for default judgment.

## DISCUSSION

Federal Rule of Civil Procedure 55(b) provides, in pertinent part, that after entry of default, "the party entitled to a judgment by default, shall apply to the court therefor." Ordinarily, the default itself established the defendant's liability. "Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true," but not allegations as to the amount of damages. Dundee Cement Co. v. Howard Pipe & concrete Products, 722 F.2d. 1319, 1323 (3rd Cir. 1983); TeleVideo systems Inc. v. Heidenthal, 826 F.2d. 915, 917 (9th Cir. 1994).  The amount of damages may be determined from the allegations of the complaint although those allegations are not controlling. Dundee, 722 F.2d. at 1323-24. Where plaintiff is entitled to reasonable attorney's fees by either contract or statute, the court will determine the amount to be awarded. James v. Frame, 6 F.3d 307, 311 (3rd Cir. 1993).

The granting or denying of a default judgment is within the court's sound discretion. Draper v. Combs, 792 F.2d 915 (9th Cir. 19986). The following factors are considered in determining whether to grant a default judgment: the substantive merits of plaintiff's claim; the sufficiency of the complaint; the amount of money at stake; the possibility of prejudice to plaintiff if relief is denied; and the possibility of dispute as to any material facts in the case. Moreover, where practicable, policy considerations militate in favor of considering cases on their merits rather than resolving matters through default judgment procedures. Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974).

Here, the complaint's allegations establish that Plaintiffs are entitled to entry of default judgment on its claims for copyright infringement because Defendant infringed Plaintiffs' exclusive rights under the Copyright Act. See 17 U.S.C. §§ 106, 501(a)-(b).

Plaintiffs have demonstrated ownership of the copyrights at issue and that Defendant, without permission from Plaintiffs, used an online media distribution system to download the recordings. (Compl. ¶¶10-16). Consequently, the court concludes that the complaint's allegations adequately establish liability on the copyright claim.

The only other issue concerns the amount of damages. Plaintiffs seek an award of statutory damages under §504 of the Copyright Act in the total amount of $4,500, an award of costs in the amount of $490, and to permanently enjoin Defendant from directly or indirectly infringing their copyrights.

Plaintiffs seek statutory damages pursuant to 17 U.S.C. §504 which provides that the copyright owner may elect to recover an award of statutory damages for all infringements involved in the action in a sum of not less than $750 nor more than $30,000. 17 U.S.C. §504(c); Los Angeles News Serv. v. Reuters Television Int'l, Ltd., 140 F.3d 987, 1101 (9th Cir. 1998), cert.denied 525 U.S. 1141 (1999) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement"). Plaintiffs seek the statutory minimum of $750 for each of the six copyrights violated by Defendant. The court finds this amount reasonable and appropriate under the circumstances.

Plaintiffs also seek an award of costs in the amount of $490 (for filing fees and cost of service of process) pursuant to 17 U.S.C. §505. The court finds this amount reasonable and appropriate under the circumstances.

Finally, Plaintiffs seek to permanently enjoin Defendant from violating their copyrights pursuant to 17 U.S.C. §502(a) (the court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). A party seeking a permanent injunction must establish the requisite success on the merits and irreparable harm to warrant injunctive relief. Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). As noted by Plaintiffs, "[i]n copyright cases, irreparable harm is presumed on a showing of a reasonable

likelihood of success on the merits, and, thus, 'a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction.'" Sega Enterprises Ltd. v. Maphia, 948 F.Supp. 923, 940 (N.D. Cal. 1996). Here, Plaintiffs have adequately demonstrated success on the merits and that continued violations of their copyrights would cause them irreparable harm.  Further, entry of a permanent injunction is consistent with the goals of Section 502 of the Copyright Act to protect the public's interest in upholding copyright protections.  See Autoskill Inc. v. National Educ. Support Sys., Inc., 994 F.2d 1476, 1499 (10th Cir.), cert. denied, 510 U.S. 916 (1993).  A review of the authorities submitted by Plaintiffs indicates that courts frequently grant permanent injunctions by means of default judgment where a defendant infringes copyrights and then fails to appear in an action to give assurances that such activity would cease.  See Jackson v. Sturke, 255 F.Supp. 2d 1096, 1103 (N.D. Cal. 2003); Pepsi Co., Inc. v. Cal. Sec. Cans, 238 F.Supp. 2d 1172, 1177 (N.D. Cal. 2002).  In sum, the court concludes, in light of the scope and nature of Defendant's infringement, that granting the requested permanent injunctive relief will foster public interest in upholding copyright protection and protect Plaintiffs' copyright interests.

In sum, the Clerk of Court is instructed to enter judgment against Defendant Burris and in favor of Plaintiffs in the total amount of $4,990.

**IT IS ALSO ORDERED:**

Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

1. "Dreams," on album "Rumours," by artist "Fleetwood Mac" (SR# N39857);
2, "Castaway," on album "Warning," by artist "Green Day" (SR# 288-352);
3. "You Really Got Me," on album "Van Halen," by artist "Van Halen" (SR# 239);
4. "Unskinny Bop," on album "Flesh and Blood," by artist "Poison" (SR# 119-355);
5. "Doin' Time," on album "Second Hand Smoke," by artist "Sublime" (SR# 246-011);

1  6.     "Losing Grip," on album "Let Go," by artist "Avril Lavigne" (SR# 312-786);
2  and in any other sound recording, whether now in existence or later created, that is
3  owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label
4  of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the
5  Internet or any online media distribution system to reproduce (i.e., download) any of
6  Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to
7  make any of Plaintiffs' Recordings available for distribution to the public, except
8  pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant shall
9  also destroy all copies of Plaintiffs' Recordings that defendant has downloaded onto any
10 computer hard drive or server without Plaintiffs' authorization and shall destroy all
11 copies of those downloaded recordings transferred onto any physical medium or device
12 in Defendant's possession, custody, or control.

13 **IT IS SO ORDERED.**

14 DATED:  November 26, 2007

15
16 Hon. Jeffrey T. Miller
United States District Judge

17 cc:         All parties